IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01008-BNB

RUSSELL M. BOLES,

     Applicant,

v.

KEVIN MILYARD (Warden),

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 8 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

     Applicant, Russell M. Boles, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Boles has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). As relief he asks for his "immediate release and discharge" from custody. Application at 5.

     The Court must construe the application liberally because Mr. Boles is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Boles will be ordered to file an amended application.

     The Court has reviewed the application and finds that the application is deficient. Mr. Boles' application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas

corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Boles' claims and application are confusing.  He appears to be attempting to assert a claim pursuant to 28 U.S.C. § 2241 because he is challenging the execution of his conviction and sentence.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  He also appears to be asserting claims pursuant to 42 U.S.C. § 1983 (2006) because he is challenging the conditions of his confinement.  Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

To the extent Mr. Boles is challenging the execution of his sentence, he may do so in the instant habeas corpus action pursuant to 28 U.S.C. § 2241.  To the extent he is challenging the conditions of his confinement, he must do so in a separate 42 U.S.C. § 1983 action.

2

Mr. Boles must exhaust state remedies before he raises his 28 U.S.C. § 2241

claims in federal court. *See Montez*, 208 F.3d at 865. The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state's highest court.

*See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). Although Mr. Boles has failed

to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate

claims on an amended 28 U.S.C. § 2241 application, to clarify his claims, and to clarify

the steps he has taken to exhaust his state-court remedies. Accordingly, it is

ORDERED that Mr. Boles file **within thirty (30) days from the date of this**

**order** an amended application that complies with this order. It is

FURTHER ORDERED that the amended application shall be titled "Amended

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be

filed with the Clerk of the Court, United States District Court for the District of Colorado,

Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver,

Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Boles, together with

a copy of this order, two copies of the Court-approved form for use in filing the

amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Boles fails within the time allowed to file an

amended application as directed, the application will be denied and the action will

bedismissed without further notice.

3

DATED June 18, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01008-BNB

Russell M. Boles
Prisoner No. 90379
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on _6/18/07_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk